IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LARITA BROWN,                          :
                                       :
       Petitioner              :
                                       :
   v.                                  :   CIVIL NO. 4:CV-08-1888
                                       :
                                       :   (Judge McClure)
COMMISSIONER JEFFREY BEARD,            :
                                       :
       Respondent              :

## **MEMORANDUM**

### **October 20 , 2008**

**Background**

    Larita Brown ("Petitioner" or "Brown"), an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania ("SCI-Muncy"), initiated this *pro se* petition seeking mandamus relief.  The Petition is accompanied by an *in forma pauperis* application.  Brown will be granted temporary *in forma pauperis* status for the sole purpose of the filing of this action.

    Named as Respondent is Secretary Jeffrey Beard of the Pennsylvania Department of Corrections ("DOC").  Brown states that on February 26, 2008, she was issued a misconduct charge by SCI-Muncy Correctional Officer Moyer.  The misconduct charged her with threatening an employee with bodily harm and

refusing to obey an order.   As a result of being placed on pre-hearing confinement status, Petitioner was transferred to the prison's Restricted Housing Unit ("RHU"). Following an institutional disciplinary hearing, Brown was found guilty of both misconduct charges and sanctioned to serve a ninety (90) day term of disciplinary custody.

In her pending action, Petitioner asserts that her pre-hearing confinement was unwarranted and that the conditions which exist in the RHU are unconstitutional.  Her Petition next contends that she was denied due process with respect to the misconduct charges in that: (1) an inflammatory note which indicated that she had an extensive history of disciplinary infractions was improperly attached to the misconduct report; (2) the disciplinary charges were baseless and retaliatory; (3) exculpatory videotape footage was not reviewed; (4) Brown was denied permission by the Disciplinary Hearing Officer ("DHO") to read aloud her written version of the incident; (5) the DHO was biased and refused to read her written version; and (6) she was harassed and impeded in her attempts to pursue an administrative appeal.   Brown's final contention is that the misconduct negatively impacted her parole eligibility.

Petitioner acknowledges that she administratively appealed the DHO's finding of guilt and that a final administrative appeal has been pending before the DOC's Chief Counsel since June 11, 2008.   As relief, Brown requests that the

2

Chief Counsel be directed by this Court to expunge the misconduct charges and finding of guilt from her institutional records.

**Discussion**

The only federal statute under which a party may seek mandamus relief from a federal court is 28 U.S.C. § 1361. It provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Since Petitioner is requesting that this Court compel DOC Secretary Beard, a state official, to perform a duty, there is no proper jurisdiction under § 1361 or any other federal statute. Consequently, dismissal of the request for mandamus relief for lack of jurisdiction is appropriate.

Moreover, mandamus is a drastic measure "to be invoked only in extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996) (quoting *Allied Chem. Corp v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). The Supreme Court in *Allied* added that a mandamus petitioner has the burden of establishing a clear and indisputable right to relief. *Id.* at 35. *See also Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976). In *Kerr*, the court noted that in order to receive mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires. . . ." *Id.* Brown does have other means available to her, specifically, she may submit her present claims and

3

request for relief to the appropriate Pennsylvania state court.  Alternatively, Brown could assert her present claims of unconstitutional conditions in the RHU, denial of due process, and retaliation via a properly filed federal civil rights action.[1]

In conclusion, Brown cannot obtain mandamus type relief against a Pennsylvania state official.  Petitioner has also failed to establish a clear and undisputable right to the requested relief and has alternate available remedies. Consequently, her mandamus petition will be dismissed without prejudice.  *See Weldon v. U.S. Attorney for the Middle District*, 2008 WL 4427199 *1 (3d Cir. Oct. 2, 2008).  An appropriate Order will enter.

      s/   James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[1] Upon filing a civil rights complaint in federal district court, Brown may seek preliminary injunctive relief to prevent suffering irreparable injury. *See Thorn v. Smith*, 207 Fed. Appx. 240, 241 (M.D. Pa. 2006). Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARITA BROWN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-08-1888 |
| | : | |
| COMMISSIONER JEFFREY BEARD, | : | |
| | : | |
| | : | (Judge McClure) |
| Respondent | : | |

## **ORDER**

October 20, 2008

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted temporary leave to proceed *in forma pauperis* for the sole purpose of filing this action.

2. The petition for writ of mandamus is dismissed without prejudice.

3. The Clerk of Court is directed to close the case.

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge